**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| BRIAN MUNOZ, Plaintiff, v. BENSON, *et al.*, Defendants. | Case No. 3:24-CV-00048-ART-CLB **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** [ECF No. 47] |

Before the Court is Plaintiff Brian Munoz's motion for appointment of counsel. (ECF No. 47). For the reasons discussed below, the motion for appointment of counsel, (ECF No. 47), is **DENIED**.

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998). While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such

a benefit does not rise to the level of “exceptional circumstances.” *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

In the motion, Munoz asserts that exceptional circumstances in this case for the appointment of counsel. He argues that this case involves claims of deliberate indifference to medical claims and that due to his incarceration will be substantially more difficult for his investigate and litigate his claims. (ECF No. 47 at 2-3.) He then lists a variety of things that he alleged cannot do to litigate this case based on his incarceration – including reviewing and analyzing his medical records, conducting legal research, conducting discovery, responding to dispositive motions, and the like. (*Id*. at 3.)

First, Munoz has neither established that he is likely to succeed on the merits nor shown that the issues are so complex that he cannot articulate his claims without counsel. Munoz’s motion and request for counsel is primarily predicated on his claim that his ability to litigate this case is severely impacted by his incarceration. However, it appears that Munoz was released from the Nevada Department of Corrections (“NDOC”) long before he filed this motion. Specifically, on November 12, 2024, Munoz filed a change of address form providing an address in Reno, Nevada – and not an NDOC institution. (ECF No. 12.) Thereafter, Munoz was ordered to file a non-inmate *in forma pauperis* application due to his release from NDOC custody, which he did. (See ECF Nos. 14, 17.)[1] Accordingly, each of Munoz’s arguments related to his incarceration are rejected. Munoz is no longer in custody and is free to seek out legal representation on his own. Moreover, the many limitations to Munoz’s ability to litigate his case he outlines

---

[1] The Court also takes judicial notice of the NDOC website, which lists Munoz as “inactive” based on discharge of his sentence. *See* https://ofdsearch.doc.nv.gov/ (last visited September 1, 2026.) The Court may take judicial notice of public information on websites hosted by the NDOC. *See U.S. v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of public information on the Bureau of Prisons inmate locator website); *Foley v. Martz,* No. 3:18-cv-02001-CAB-AGS, 2018 WL 5111998, at *1 n.1. (S.D. Cal. Oct. 19, 2018) (taking judicial notice of information on California Dept. of Corrections and Rehabilitation inmate locator website).

in his motion do not apply to him as he is not incarcerated.[2]

However, even if Munoz were still incarcerated, the difficulties Munoz claims exist in his ability to litigate this case are the same difficulties that virtually all pro se inmate plaintiffs face when litigating their claims. *Wood*, 900 F. 2d at 1335-36. Moreover, he identifies no specific issue, deadline, or litigation task he cannot address. Indeed, the motion itself is clear, organized, and coherently explains the relief requested and the restrictions on which he relies. (*See* ECF No. 47.) Considering all of the above, Munoz has not demonstrated exceptional circumstances warranting appointment of counsel.

Consequently, Munoz's motion for appointment of counsel, (ECF No. 47), is **DENIED**.

**IT IS SO ORDERED.**

**DATED**: September 1, 2026.

**UNITED STATES MAGISTRATE JUDGE**

---

[2] The Court is very troubled by Munoz's false claims that he is entitled to counsel due to his incarceration. Munoz is cautioned that regardless of his *pro se* status, it is improper for him to file a motion that contains false factual statements. Should the Court determine that Munoz has again filed documents with containing false factual statements, the Court will issue an order to show cause as to why he should not be sanctioned.